IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| JORDAN EPLER, § | | |
| INDIVIDUALLY AND ON BEHALF § | | |
| OF ALL OTHERS SIMILARLY § | | CIVIL ACTION NO. 7:23-cv-210 |
| SITUATED § | | |
| § | | |
| VS. § | | JURY DEMANDED |
| § | | |
| § | | FILED PURSUANT TO |
| TANMAR RENTALS, LLC § | | 29 U.S.C. §216(b) |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1. Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendant, Tanmar Rentals, LLC (hereinafter "Tanmar Rentals") as a result of Tanmar Rentals' failure to pay Plaintiff and all those similarly situated employees overtime wages. Pursuant to 29 USC §216 (b), the named plaintiff also seeks to represent all other similarly situated employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For himself and all those similarly situated, the named employee seeks unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

**PARTIES**

2. Plaintiff, Jordan Epler, is a resident of Midland, Midland County, Texas. The Plaintiff brings this action individually on his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and

who have suffered the same or similar damages.  Plaintiff's consent to join this action is attached hereto as Exhibit A.

3. Defendant, Tanmar Rentals, LLC ("Tanmar Rentals") is a Texas limited liability company and may be served through its registered agent for services of process: Capitol Corporate Services, 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's Midland, Texas location is located within the Western District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case.  *See* 29 U.S.C. 201, et seq.

## FACTS

5. Plaintiff was employed at Tanmar Rentals as a dispatcher; however, the work he did for Tanmar Rentals was not exempt as defined under the FLSA.  The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in every work week. Tanmar Rentals automatically deducted a 30-minute lunch break for each workday regardless of whether the dispatchers actually took the lunch break. On most days, Defendant's dispatchers, including the named plaintiff did not take the lunch break, thereby resulting in unpaid overtime wages to the dispatchers.

6. Plaintiff believes and, therefore, alleges that the failure of Tanmar Rentals' to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## CLAIMS

7. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FSLA."  Among other things, the FSLA statutes and the regulations promulgated there under govern the activities of the pay practices of employers involved in commerce.  Plaintiff alleges

that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

8. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Jordan Epler brings this action in his individual capacity and as a collective action. As alleged in detail elsewhere herein, Jordan Epler seeks this court's appointment and\or designation as representative of a class of similarly situated employees of Tanmar Rentals who were not paid for all overtime hours worked as described herein. On information and belief, there are numerous dispatchers who were not paid for all overtime hours worked for Tanmar Rentals as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of Tanmar Rentals dispatchers.

9. Jordan Epler specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

10. Plaintiff, individually and as a representative of the class, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified, and that the Plaintiff and each member of the class recover from Tanmar Rentals the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE CLASS
MEMBERS